F. W. PATY, Appellant, v. J. R. SMITH, Respondent.

No. 2941; March 20, 1874.

**Guardian—Jurisdiction of Probate Court.**—Under the judicial system in California, jurisdiction of the person and property of an infant is conferred upon the probate court.

**Guardian—Appointment by Legislature.**—The constitution of California gives the legislature of the state no power to appoint a guardian for an infant.

APPEAL from Twelfth Judicial District, San Francisco County.

Barstow, Stetson & Houghton for appellant; Daingerfield & Olney for respondent.

See Paty v. Smith, 50 Cal. 153.

McKINSTRY, J.—Respondent asked for a rehearing on the ground that the act of the legislature, which purports to authorize a sale of the property of the plaintiff—then a minor—and the proceedings under it, transferred his title in the demanded premises to the grantor of the defendant. It is highly probable that the jurisdiction of the chancellor over

the persons and property of infants had its foundation in the prerogative of the crown, flowing from the general duty of the king—as parens patriae—to protect those who had no other lawful protector. The prerogative was exercised in the court of chancery, because it partook more of a judicial administration of rights and duties in foro conscientiae, than a strict executive authority: 2 Story's Equity, 1333, 1334. In the United States the appointment of guardians and their supervision seems always to have been regarded as a judicial power, and has generally been confided to judicial officers. Under our system in California the general law confers the jurisdiction on the probate courts.

Special laws providing for the sale by the guardian (of the person or property) of the real estate of the infant have been upheld by the courts of several of the states. But the legislative body under the charter in Rhode Island possessed judicial powers; and this is likewise true of the general court of Massachusetts, in the reports of whose courts many of the cases referred to are found. In subsequent cases to those in which the power of the legislature was recognized in New York, the whole doctrine has been doubted, if not disapproved; and elsewhere resort has been had to much ingenious refinement to escape the effect of a provision in the state constitution analogous to article 3 of our own. In most instances, also, the act provided that the guardian or trustee should be controlled, and his action directed and approved by a court of competent jurisdiction.

It is true that the fourth section of the act now before us declares: "That no deed [made under the provisions of the act] shall be valid, or convey any title, unless the sale shall have been confirmed by the probate court previous to the execution of such deed of conveyance." But the person named in the act was not appointed guardian by any judicial authority in this state, and gave no bond to secure the due application of any fund which might come to her hands. The judge of probate was given power to disapprove of a sale, that is, to require that a larger sum should be realized and paid to the guardian, so called; but had no authority to interpose for the protection of the infant, by directing or supervising the use of the proceeds.

In California the precise question involved in this case has never before been presented; and as the power is a judicial power, we feel constrained to hold, upon the plain language of third article of the constitution, that it cannot be exercised by the legislative department of the government.

Judgment and order denying new trial reversed and cause remanded.

We concur: Rhodes, J.; Crockett, J.; Niles, J.